IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03119-RPM

KSQ ARCHITECTS, P.C., an Oklahoma
Professional Corporation,

        Plaintiff.

Vs.

4240 ARCHITECTURE, INC., a
Colorado Corporation,

        Defendant.

---

**STIPULATION AND PROTECTIVE ORDER**
---

        Each party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Fed.R.Civ.P. 26(c) concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds therefore, state as follows:

        1.     In this action, at least one of the Parties has sought or may seek Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' privacy interests.  The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

    a.    the Parties and/or other employees';

    b.    the Parties' financial information;

    c.    the Parties' confidential business information, customer lists, trade secrets, and other information that, if made publically available, would detrimentally impact the Party's competitive advantage in the marketplace; and

    d.    other documents related to Plaintiff's claims in this action.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manners:

    a.    By imprinting the word "Confidential" on the first page or cover of any document produced;

    b.    By imprinting the word "Confidential" next to or above any response to a discovery request;

    c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

  5. Confidential documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the party producing it and the consent of the party claiming confidentiality or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including their designated representatives for those parties that are legal entities;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) witnesses who have been disclosed in this case and where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case;

    (h) any representatives of the parties' insurance carriers, including but not limited to claims adjusters, consultants, and third party adjusters;

    (i) other deponents and witnesses at trial or hearings in this matter, not covered in paragraph 5(c) or 5(d) above; and

    (j) other persons by written agreement of all the parties.

  6. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action, their undersigned counsel, shall hold all such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

  7. The Party's counsel who discloses Confidential Information to a person identified in Paragraph 5 shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

  8. During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the

source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, counsel may then seek a court order requiring inspection under terms conditions deemed appropriate by the Court.

9. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

10. A party may object to the designation of particular information as Confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. Counsel for the parties shall confer and attempt to reach an agreement. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the designating party to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Any such motion shall be filed within thirty (30) days after the failure of the parties to reach an agreement regarding the treatment of such information. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. Said motion shall be filed as "restricted" pursuant to the terms of D.C.COLO.LCivR 7.2. After inspection, should the Court determine that some or all of the submitted documents should be treated as "Confidential" under the terms of this Protective Order, the designating party will label those documents as "Confidential" and they shall be subject to all terms of this Protective Order pertaining to Confidential Information. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as

confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2 when Confidential Information satisfies the criteria for restricting access. The parties agree to confer in advance of submitting Confidential Information to the Court in order to resolve any disputes over whether access should be restricted and to provide a non-moving party the opportunity to file a motion under D.C. COLO.LCivR 7.2.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party or destroy all Confidential Information provided subject to this Protective Order.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court pursuant to Fed.R.Civ.P. 26(c), or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16.     The parties agree that in the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, the parties agree that no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

**DATED** this 5th day of February, 2014.

**BY THE COURT:**

s/Richard P. Matsch

_____
Richard P. Matsch
United States District Court Judge

**STIPULATED AND AGREED TO:**

*s/ Katherine M.L. Pratt*
Katherine M.L. Pratt
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
(303) 402-1600
*Attorney for Plaintiff*

*s/ Michael J. Decker*
Michael J. Decker
Murphy & Decker, P.C.
1510 West Canal Court, Suite 1500
Littleton, CO 80120
(303) 468-5980
*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-CV-03119-RPM

KSQ ARCHITECTS, P.C., an Oklahoma Professional Corporation,

    Plaintiff,

v.

42/40 ARCHITECTURE, INC., a Colorado corporation,

    Defendant.

---

**EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT**

---

    I, _____, the undersigned, being duly sworn, hereby acknowledges that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the Parties and provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

My current address and telephone number is:

_____

_____

_____          _____
                                          Signature

STATE of _____     )
                                     )ss.
COUNTY of _____    )

The foregoing Confidentiality Agreement was sworn and acknowledged to before me by _____ on this day of _____, 20\_\_.

**Witness my hand and official seal.**

[seal]

_____
Notary Public

My commission expires: _____